**Charles E. WASHINGTON, Plaintiff,**

v.

**James WHITE, James McElwee, New York State Executive Branch Division of Parole, Defendants.**

**No. 90 Civ. 3396(JES).**

United States District Court,
S.D. New York.

Oct. 27, 1992.

Charles Washington, pro se.

Robert Abrams, Atty. Gen., New York City (Charles C. Davis, Louise Herman, Asst. Attys. Gen., of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendants in the above-captioned action move for summary judgment pursuant to Fed.R.Civ.P. 56(b). For the reasons that follow, that motion is granted.

1. Plaintiff was released on parole on July 3, 1992.

2. Plaintiff additionally alleges a due process violation because he claims to have overheard Maria Buchanon, who was scheduled to adjudicate the April 1990 hearing, make slanderous remarks about him thus denying him a fair and unbiased hearing. However, because of these alleged remarks, plaintiff refused to participate in the April hearing. A new hearing was held on June 13, 1990, and a different parole officer presided over that hearing and denied plaintiff parole. Thus, even assuming that a due process right exists, any procedural violation resulting from Buchanon's remarks was cured by the rescheduling of the hearing. *See, e.g., Young v.*

## BACKGROUND

Plaintiff, a former inmate in the Mid–Orange Correctional Facility,[1] brings this action pursuant to 42 U.S.C. § 1983 against parole officers James White and James McElwee, and the New York State Executive Branch Division of Parole alleging a violation of his due process rights during his appearances before the Executive Department Division of Parole in April and June of 1990. Plaintiff's first alleged due process violation concerns allegations that parole officers White and McElwee conspired and submitted insufficient, false, and misleading information on his Parole Summary report which had an adverse effect on his parole determination.[2] Plaintiff also asserts that he was denied his right to parole because as part of his participation in the "Prepared Release Program" ("PREP"), a program designed to give special rehabilitation to selected inmates to improve their chances for parole, he signed a contract which guaranteed him release at his first parole review meeting, but due to budget constraints this program was terminated prior to his first review. Plaintiff seeks damages from each of the individual defendants for the alleged violation of his due process rights.[3]

## DISCUSSION

A prisoner is not entitled to the protections of due process merely because a state provides for the possibility of parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Any liberty interest warranting due pro-

---

*Hoffman*, 970 F.2d 1154, 1156 (2d Cir.1992). Moreover, as discussed below, allegations of an unfair parole hearing do not give rise to a claim of due process.

3. At the commencement of this action, plaintiff also sought immediate release on parole, a request which is now moot since, as noted above, plaintiff is currently on parole. Moreover, plaintiff was not entitled to that relief under Section 1983 because where a plaintiff attacks the constitutionality of his physical confinement and the relief he seeks is immediate release, his sole remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

cess protection must, therefore, necessarily have its origin in a state statutory scheme which creates an entitlement to parole. *Greenholtz*, 442 U.S. at 11–12, 99 S.Ct. at 2106. Since New York's parole provisions do not create an entitlement to parole, *Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir.1979), any alleged unfairness in plaintiff's parole hearing does not and cannot afford a predicate for relief under Section 1983, *Russo v. New York State Board of Parole*, 50 N.Y.2d 69, 75, 427 N.Y.S.2d 982, 405 N.E.2d 225 (1980). *See Brandon v. District of Columbia Board of Parole*, 823 F.2d 644 (D.C.Cir.1987). *See, e.g., Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58 (2d Cir.1985).

■ Moreover, plaintiff's claimed injury due to the cancellation of PREP is also not actionable under Section 1983.[4] Even assuming arguendo that the alleged contract guaranteed release and thus created a constitutionally protected property interest, plaintiff received an adequate state court remedy, i.e., a breach of contract cause of action. *See, e.g., S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 966 (2d Cir.1988) (even if all public contracts warranted due process protection, in most circumstances post-deprivation state court remedies would provide all the process that is due).

## CONCLUSION

Accordingly, for the reasons given above, defendants' motion for summary judgment shall be and hereby is granted. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.

---

**4.** Plaintiff's testimony as to the language of this alleged contract, which plaintiff was unable to produce because he claims it was stolen out of his prison locker, is inconsistent and varies from saying that the contract "guaranteed" he would be released to that the contract stated that he would be given "consideration" for release. *See* Deposition of Charles Washington at 13–14, 19.